UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
as assignee and subrogee of
Florida Education Association,

       Plaintiff,

v.                                       CASE NO. 3:20-cv-11-MMH-MCR

MILDRED K. GRIFFIS a/k/a
Kelly Griffis,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion of Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, for Final Order of Judgment of Continuing Garnishment ("Motion") (Doc. 59), which was referred to the undersigned for a report and recommendation regarding an appropriate resolution on March 28, 2023 (Doc. 60). The Motion was served

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

on Defendant and the Garnishee, by first-class mail, on March 27, 2023. (*See* Doc. 59 at 4.) To date, no response to the Motion has been filed; therefore, the Motion will be treated as unopposed. For the reasons that follow, the undersigned recommends that the Motion be **GRANTED**.

I.     **Background**

On September 9, 2020, the Court granted Plaintiff's motion for final default judgment and directed the Clerk to enter judgment accordingly. (Doc. 26.) The same day, the Clerk entered Judgment in favor of Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, as assignee and subrogee of the Florida Education Association, and against Defendant, Mildred K. Griffis a/k/a Kelly Griffis, for treble damages in the amount of $220,800.18. (Doc. 27.)

On November 18, 2021, the Court entered an Order granting Plaintiff's Motion for Issuance of Writ of Garnishment (Doc. 32), and directing the Clerk of Court to issue the writ attached to that Motion and return it to Plaintiff's counsel for service on the Garnishee. (*See* Doc. 33.) The same day, the Clerk issued the writ directed to Garnishee Clay County District Schools to enforce the Judgment in the amount of $220,800.18, entered in favor of Plaintiff and against Defendant on September 9, 2020. (*See* Doc. 34.)

On December 13, 2021, Plaintiff filed a Notice of Service of Writ on the

School Board of Clay County Florida.² (*See* Doc. 35.) The Affidavit of Service attached to the Notice of Service of Writ provides that a copy of the Writ of Garnishment and Motion for Issuance of Writ of Garnishment were served on November 30, 2021 on "L. Clark as Office Staff for Clay County District Schools." (*Id.* at 3.) On December 13, 2021, Plaintiff also filed a Notice of Service of Garnishee's Answer, which included, as an attachment, the Answer of Garnishee, which was furnished to Plaintiff, by U.S. Mail, on December 9, 2021.³ (Doc. 36.) The Answer of Garnishee was also mailed to the Clerk of Court for filing by Clay County District Schools and entered as a separate docket entry on December 13, 2021. (*See* Docs. 37 & 37-1.)

On April 6, 2022, the Court entered a *sua sponte* Order, directing Plaintiff to show cause in writing, on or before April 18, 2022, why the Writ of Garnishment (Doc. 34) should not be dissolved for Plaintiff's failure to serve the requisite documents on Defendant in the manner provided under Chapter 77 of the Florida Statutes. (Doc. 38.) The Court explained:

> The docket does not show that Plaintiff has complied with the notice requirements of Fla. Stat. §§ 77.041 and 77.055. Also, Defendant is not represented by counsel and does not have access

---

² The Certificate of Service stated that the Notice was electronically filed "with the Clerk of Court using CM/ECF which will send notification of such filing(s) to counsel for the Plaintiff [sic]." (Doc. 35 at 1.)

³ The Certificate of Service stated that the Notice was electronically filed "with the Clerk of Court using CM/ECF which will send notification of such filing(s) to all parties." (Doc. 36 at 1.)

>to CM/ECF.  Thus, Plaintiff has not only failed to serve Defendant with the documents set forth in Fla. Stat. §§ 77.041 and 77.055, but it has also failed to serve Ms. Griffis with the Notice of Service of Writ (Doc. 35) and the Notice of Service of Garnishee's Answer (Doc. 36), both of which were filed electronically in this case.  In any event, both § 77.041 and § 77.055, Fla. Stat., require service by mail on Defendant personally, rather than service via CM/ECF, even when Defendant is represented by counsel.  *See Art Remedy LLC v. Lana Moes Art, LLC*, No. 18-cv-61912-STRAUSS, 2020 WL 6800449, *1-2 (S.D. Fla. Nov. 19, 2020).

(Doc. 38 at 3-4.)

On April 18, 2022, Plaintiff responded to the Order to Show Cause and requested that the Writ of Garnishment be dissolved without prejudice. (Doc. 39.)  On April 25, 2022, the Court discharged the Order to Show Cause and dissolved the Writ of Garnishment without prejudice.  (Doc. 40.)  On July 8, 2022, the Court entered an Order, granting Plaintiff's new Motion for Issuance of Writ of Garnishment.  (Doc. 42.)  Pursuant to that Order, on July 12, 2022, the Clerk issued a Continuing Writ of Garnishment Against Salary or Wages, directed to Garnishee Clay County District Schools to enforce the Judgment in the outstanding amount of $220,288.09.  (Doc. 43.)

On July 14, 2022, Plaintiff's counsel filed a Certificate of Service, stating that he served on Defendant, by first class mail, copies of (1) Plaintiff's Motion for Issuance of Writ of Garnishment; (2) the Order granting it; and (3) the Continuing Writ of Garnishment Against Salary or Wages, which included a Notice to Defendant of Right Against Garnishment of

4

Wages, Money, and Other Property.  (Doc. 44.)

On July 28, 2022, the Garnishee filed an Answer to the Continuing Writ of Garnishment Against Salary or Wages, stating, in relevant part, that "the amount which must be paid to the Plaintiff" is $615.30 per pay period. (Doc. 45 at 3.)  On August 8, 2022, Plaintiff filed a Notice, advising Defendant that she must move to dissolve the Continuing Writ of Garnishment Against Salary or Wages within 20 days thereof, if any allegation in Plaintiff's Motion for Writ of Garnishment is untrue.  (Doc. 47.) On August 8, 2022, Plaintiff's counsel also filed a Certificate of Service, stating that he served on Defendant, by first class mail, copies of (1) Garnishee's Answer; (2) the Notice advising Defendant that she must move to dissolve the Continuing Writ of Garnishment Against Salary or Wages within 20 days of August 8, 2022; and (3) the Certificate of Service.  (Doc. 48.)

Then, on October 12, 2022, Plaintiff filed a Motion for Final Order of Judgment of Continuing Garnishment directed to Garnishee, the School Board of Clay County Florida (improperly named as Clay County District Schools), pursuant to Section 77.083 of the Florida Statutes.  (Doc. 49 at 1.) On December 1, 2022, the Court entered an Order, denying without prejudice Plaintiff's Motion for Final Order of Judgment of Continuing Garnishment for failure to provide a timely notice to Defendant pursuant to Section 77.055 of the Florida Statutes.  (Doc. 50.)

5

On January 10, 2023, on Plaintiff's motion (Doc. 51), the Court dissolved the Continuing Writ of Garnishment without prejudice. (Doc. 52.) On January 23, 2023, the Court entered an Order, granting Plaintiff's new Motion for Issuance of Continuing Writ of Garnishment. (Doc. 54.) Pursuant to that Order, on January 24, 2023, the Clerk issued a Continuing Writ of Garnishment Against Salary or Wages, directed to Garnishee Clay County District Schools to enforce the Judgment in the outstanding amount of $220,288.09. (Doc. 55.)

On January 25, 2023, Plaintiff's counsel filed a Certificate of Service, stating that on the same day, he served on Defendant, by first class mail, copies of (1) Plaintiff's Motion for Issuance of Writ of Garnishment; (2) the Order granting it; and (3) the Continuing Writ of Garnishment Against Salary or Wages, which included a Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property. (Doc. 56.)

On February 14, 2023, the Garnishee filed and served an Answer to the Continuing Writ of Garnishment Against Salary or Wages, stating, in relevant part, that it employed Defendant and that "the estimated amount which must be paid" to her per pay period is $435.60. (Doc. 58 at 3.) On February 16, 2023, Plaintiff's counsel filed a Certificate of Service, stating that on the same day, he served on Defendant, by first class mail, copies of (1) Garnishee's Answer; (2) the Notice advising Defendant that she must move to

dissolve the Continuing Writ of Garnishment Against Salary or Wages within 20 days after the date indicated on the certificate of service in the Notice if any allegation in Plaintiff's Motion for Writ of Garnishment is untrue; and (3) the Certificate of Service.   (Doc. 57.)

On March 27, 2023, Plaintiff filed the present Motion seeking final order of judgment of continuing garnishment directed to Garnishee, the School Board of Clay County Florida (improperly named as Clay County District Schools), pursuant to Section 77.083 of the Florida Statutes.   (Doc. 59.)   Plaintiff states that the sum of $220,288.09 remains due and owning pursuant to the Judgment entered on September 9, 2020.   (*Id.* at 1.) Plaintiff further states that although 20 days have passed since service of Garnishee's Answer and the requisite notice on Defendant, Defendant has not moved to dissolve the Continuing Writ of Garnishment Against Salary or Wages, has not objected to it, and has not responded to it in any way.   (*Id.* at 2.)   As such, pursuant to Section 77.0305 of the Florida Statutes,[4] Plaintiff

---

[4] Section 77.0305 of the Florida Statutes provides, in part:
> Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.   A debtor's status as an employee of the state or its agencies or political subdivisions does not preclude a judgment creditor's right to garnish the debtor's wages.

7

requests that final order of judgment of continuing garnishment be entered against Garnishee, directing Garnishee to garnish the portion of Defendant's salary or wages as set forth in the Garnishee's Answer until the Judgment against Defendant is satisfied or until the Court orders otherwise.  (*Id.* at 2-3.)

## II. Discussion

Pursuant to Section 77.083 of the Florida Statutes, a judgment shall be entered against the garnishee based on its answer for the amount of its liability as disclosed by the answer.  Fla. Stat. § 77.083.  Any judgment must not exceed the amount remaining unpaid on the final judgment against defendant or the amount of the garnishee's liability to defendant.  *Id.*  "Florida law requires garnishment statutes to be strictly construed." *Nationwide Judgment Recovery, Inc. v. Nagibina*, No. 8:21-mc-131-KKM-JSS, 2022 WL 3636370, *1 (M.D. Fla. Aug. 3, 2022) (report and recommendation adopted by 2022 WL 3598303 (M.D. Fla. Aug. 23, 2022)) (citing *Gigliotti Contracting North, Inc. v. Traffic Control Products of N. Fla., Inc.*, 788 So.2d 1013, 1016 (Fla. Dist. Ct. App. 2001)).  "When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment."  *Nagibina*, 2022 WL 3636370, at *1.

As noted above, despite receiving the requisite statutory notices in a timely manner, Defendant has not responded, objected, filed a claim of exemption, or moved to dissolve the Continuing Writ of Garnishment Against Salary or Wages within the 20 days allowed by Fla. Stat. § 77.055. Therefore, Plaintiff has met the requirements for a judgment of continuing garnishment against Garnishee.  *See Nagibina*, 2022 WL 3636370, at *1-2 ("When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment.  . . .  [N]either Defendant nor any other party has responded, objected, filed a claim of exemption or moved to dissolve the writ within the 20 days allowed by § 77.055.  Therefore, the court finds that Plaintiff has met the statutory requirements for a judgment of garnishment."); *see also Holland v. Westside Sportsbar & Lounge, Inc.*, No. 6:19-cv-945-CEM-GJK, 2022 WL 2305880, *2 (M.D. Fla. May 13, 2022) (report and recommendation adopted by 2022 WL 2916812 (M.D. Fla. July 25, 2022)); *Papadopoulos v. Sidi*, No. 05-22010-CIV-SEITZ/O'SULLIVAN, 2008 WL 11399763, *3 (S.D. Fla. Sept. 8, 2008) (report and recommendation adopted by 2008 WL 11400736 (S.D. Fla. Nov. 5, 2008)).

Accordingly, it is respectfully **RECOMMENDED**:

1. The Motion (**Doc. 59**) be **GRANTED**.

2. The Clerk of Court be directed to enter final judgment of continuing garnishment in favor of Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, as assignee and subrogee of the Florida Education Association, and against Garnishee, the School Board of Clay County Florida (improperly named as Clay County District Schools), directing Garnishee to garnish the portion of Defendant's salary or wages as set forth in the Garnishee's Answer until the Judgment in the outstanding amount of $220,288.09 against Defendant is satisfied or until the Court orders otherwise.

**DONE AND ENTERED** at Jacksonville, Florida, on April 26, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

Mildred K. Griffis
5240 Mallard Road
Middleburg, FL 32068

The School Board of Clay County, Florida
900 Walnut Street
Green Cove Springs, FL 32043